No. 23,908.

PEARL R. HENDRICKSON, *Appellant*, v. JOHN SHEETZ, *Appellee.*

SYLLABUS BY THE COURT.

ABSTRACT OF JUDGMENT FROM CITY COURT—*Typewritten Signature of Judge—Certified by Clerk of Court—Legal Presumption.* An abstract of a judgment rendered by the court of Topeka bore the signature in typewriting of the judge *pro tem.* who decided the case, attested by the clerk of the court. The judge testified he had no recollection of the case, or of anything incidental to it. *Held*, authority of law existed for certification of the abstract in the form presented, and the presumption of regularity of official conduct was not overcome.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed December 9, 1922. Affirmed.

*William M. Bradshaw* and *W. H. Jamison,* both of Topeka, for the appellant.

*W. A. S. Bird,* of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the owner of real estate to eject the holder of a sheriff's deed issued pursuant to an execution sale. The court adjudged the plaintiff to be owner and entitled to possession, but gave the defendant a lien enforceable by execution after expiration of ninety days from date of judgment. The plaintiff appeals.

L. M. Fort and the plaintiff were joint owners of the real estate. The defendant obtained judgment against Fort in the court of Topeka, and on August 15, 1916, filed an abstract of the judgment with the clerk of the district court of Shawnee county. In November, 1916, Fort quitclaimed to the plaintiff. Afterwards execution was issued on the judgment, the defendant purchased at the sheriff's sale, and in July, 1919, a sheriff's deed was issued to him. The sale and deed covered, not merely the undivided interest which had belonged to Fort, but the entire property in the land. For this reason, the court set aside the deed.

The sole ground on which the defendant's lien is contested is that the abstract of judgment was not properly authenticated, and consequently would not sustain an execution. The journal entry of judgment shows that a supplemental answer was filed by the defendant, that special findings were returned by the jury, and that

judgment. was rendered on the pleadings and findings, the defend-'
ant's lien being awarded on his supplemental answer. These pro-
ceedings are not abstracted and, so far as this court knows, may
sustain the lien, independently of the abstract of judgment. This
opinion might well stop here, but both parties have submitted the
case on the sufficiency of the abstract of judgment.

The court of Topeka is a substitute for justice of the peace courts
in the city, to the extent permitted by the constitution. The statute
creating the court confers upon it the powers of justices of the peace,
provides for a clerk as an officer of the court, and contains the fol-
lowing provisions:

"All writs and process of every kind in cases brought or pending in said
city court shall be issued by the judge thereof, or in case of his absence or
when otherwise engaged, then by the clerk thereof in the name of the judge,
in the same manner as such writs and process are issued by justices of the
peace.

"The clerk of said court shall assist the judge thereof in recording the pro-
ceedings of said court, making out writs, process, and other papers necessary
to be signed or issued by said judge, administer oaths required in judicial and
other proceedings before such court or judge thereof, file all papers in cases
in said court, docket cases, and set the same for trial in the absence of the
judge, and perform such other clerical duties in relation to the proceedings of
said court as may be decided by said judge." (Gen. Stat. 1915, §§ 3264, 3276.)

A judgment of a justice of the peace or of the city court is not a
lien on the real estate of the judgment debtor. To effect a lien, an
abstract of judgment must be filed in the district court of the
county. The act creating the court of Topeka is silent on the sub-
ject of docketing judgments in the district court, and the practice
before justices of the peace governs. The code merely prescribes a
form of abstract, which concludes as follows:

"I hereby certify that the foregoing is a full and correct abstract of a judg-
ment rendered by me in the suit above entitled. ——— ———, *Justice of the
Peace.*" (Gen. Stat. 1915, § 7822.)

In this instance, the abstract bore the typewritten signature of
the judge *pro tem.* of the court of Topeka, duly attested by the clerk.
The judge *pro tem.* was called as a witness, and testified he had no
recollection of the case, or of anything incidental to it. An abstract
of judgment rendered by a justice of the peace is prepared from
data appearing on the justice's docket, and its certification is purely
a clerical matter. There is nothing judicial about it, the certificate
being made by the justice because he has no clerk. The certification
of an abstract of judgment rendered by the court of Topeka is purely

a clerical matter. The judge of the court could have decided, and made it a rule of court, that abstracts should be certified by the clerk. Since authority of law exists for certification in the form which the abstract involved presents, the presumption of regularity of official conduct prevails until overthrown by proof, and the proof was not sufficient for that purpose.

The judgment of the district court is affirmed.